**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **SKYSONG INNOVATIONS, LLC,** | § | |
| *Plaintiff,* | § § § | |
| | § | **CASE NO. 7:25-CV-00040-DC-DTG** |
| *v.* | § § | |
| **CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC.,** | § § § | |
| *Defendant,* | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:    THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s Motion to Dismiss. Dkt. No. 39. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.    BACKGROUND

The plaintiff, Skysong Innovations, LLC, brought this patent infringement suit against the defendants. Dkt. No. 29. The plaintiff is the technology management and transfer arm of Arizona State University. *Id.* ¶ 2. By its first amended complaint, the plaintiff accuses the defendants of infringing five U.S. patents. *Id.* ¶ 1. The asserted patents relate to various aspects of cyber

security, Internet communications, categorizing dark web forum topics, neural networks, and software security. *Id.* ¶¶ 22-44.

The defendants move to dismiss the plaintiff's inducement and willfulness claims, as well as the direct infringement claims based on the '721 patent. Dkt. No. 39. First, the defendants contend that the plaintiff failed to plead a plausible claim of pre-suit inducement, because they failed to plead adequate facts showing pre-suit knowledge of the patents. *Id.* at 1. They contend that the plaintiff also failed to plead adequate facts to support the intent required for post-suit inducement. *Id*. They contend that the willfulness claims should be dismissed for similar reasons. *Id*. Finally, the defendants contend that the plaintiff failed to adequately plead direct infringement of the '721 patent because those claims improperly attributed the conduct of a third party—Cloudflare—to the defendants. *Id*. n.1.

## II.   LEGAL STANDARD

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff is not required to prove its case at the pleading stage. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted). This flexible standard requires the plaintiff to provide notice of what it is accusing of infringement. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards

established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.)[1] When deciding this motion, the Court takes all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

### III.    ANALYSIS

As noted above, the defendants attack three categories of allegations. They move to dismiss the plaintiff's pre-suit and post-suit inducement claims. They move to dismiss the plaintiff's willfulness claims. And finally, they move to dismiss the direct infringement claims based on the '721 patent. The Court addresses each argument below.

### A. Pre-Suit Inducement Allegations Are Insufficient

The defendants contend that plaintiff's inducement claims fail for several reasons. They contend that alleging the defendants have been aware of the asserted patents since the filing of this suit is insufficient for pre-suit knowledge required for infringement. Dkt. No. 39 at 4. The defendants cite cases where courts of this district have dismissed pre-suit inducement for that reason. *Id.* (citing *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-29, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) & *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-31, 2022 WL 3593053, at *4 (W.D. Tex. Aug. 22, 2022)). They contend that the pre-suit meetings relied on by the plaintiff are insufficient because the patents did not exist and general discussions of the subject matter cannot support knowledge or intent. *Id.* at 5. Next, the defendants contend that the plaintiff fails to allege any facts to show the subjective intent necessary for willful blindness. *Id.* at 6.

---

[1] Before December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930-31.

.

The plaintiff opposes and points to factual allegations it contends give rise to pre-suit knowledge of the patents. The plaintiff contends that its inventors had many meetings with the defendants. Dkt. No. 43 at 5. The plaintiff details one meeting in March 2019 at an RSA conference where an inventor of three of the patents met and discussed the patented technology in detail with one of the defendants' founders. *Id.* at 4 (citing Dkt. No. 29 ¶ 56-61). The plaintiff acknowledges that the patents had not issued, but points to an examiner interview in the file history—which is not included in the Amended Complaint—to support an inference that the inventor would have explained to the defendants that patent issuance was imminent. *Id*. at 5. The plaintiff relies on that detailed meeting to distinguish the cases cited by the defendants. *Id*. Based on these pre-issuance interactions, the plaintiffs contend that they have plead sufficient facts to support the knowledge and willful blindness allegations for pre-suit inducement.

The Court is persuaded that the plaintiff has failed to allege sufficient facts to support pre-suit knowledge of the asserted patents. First, the meeting that the plaintiff relies on involved an inventor of only three of the patents—the '385 patent, '900 patent, and '897 patent. Dkt. No. 29 ¶ 57. So, the meeting could not support pre-suit knowledge of the '721 or '831 patents. Additionally, the only application pending at that time resulted in the '385 patent, which would not support pre-suit knowledge of the '900 or '897 patents. *See* Dkt. No. 45 at 2. The court also declines to consider the timing of the examiner interview as it is not part of the Amended Complaint. *See generally Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). The plaintiff's reliance on the March 2019 meeting and the unspecified "numerous interactions" make the present case most similar to the *Flypsi* decision. *See Flypsi, Inc. v. Google LLC*, No. 6:22-cv-31, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022). For the same reasons, the Court finds

that the plaintiff's pre-suit knowledge and willful blindness allegations are not supported by sufficient alleged facts. The undersigned recommends that the defendants' motion directed at the plaintiff's pre-suit inducement allegations should be **GRANTED**.

### B. Post-Suit Inducement Allegations Are Sufficient

For dismissal of post-suit inducement, the defendants focus on an alleged lack of specific intent. The defendants contend that the plaintiff's allegations that the defendants promote, distribute, and provide technical support for their allegedly infringing products are insufficient to explain how the defendants allegedly direct third parties to infringe the patents. Dkt. No. 39 at 7-8. The defendants point to similar language in another lawsuit brought by the plaintiff to demonstrate the allegations are generic, and therefore insufficient. *Id*. at 8. The defendants also contend that material created before this suit was filed cannot support an inference of post-suit inducement. *Id*. at 9 (relying on *Proxyconn Inc. v. Microsoft Corp.*, No. 8:11-cv-1681, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012)).

The plaintiff contends that the defendants' mis-characterize the allegations in the Amended Complaint and rely on inapplicable case law. The plaintiff notes that the Amended Complaint points to specific instructions that the defendants provide their customers. Dkt. No. 43 at 6-7. These instructions allegedly tell third parties how to use the accused products in an infringing way. *Id*. at 7-8. The plaintiff also contends that the defendants misstate their two primary cases—*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *13 (C.D. Cal. May 16, 2012).

The plaintiff has provided more detail about the instructions to customers and users than what the courts found insufficient in the defendants' cited cases. *See* Dkt. No. 45 at 5. Unlike the

cases cited by the defendants, the plaintiff has identified the specific products at issue and specific instructions and support given to third parties that results in infringement. *Compare* Dkt. No. 29 ¶¶ ¶¶ 96-98, 126-128, 150-152, 175-177, 199-201 with *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at \*4 (E.D. Tex. Aug. 14, 2015); *Traxcell Techs., LLC v. Verizon Wireless Personal Commc'ns., LP,* No. 6:20-cv-1175, 2022 WL 299732, at \*4 (W.D. Tex. Jan. 31, 2022). The Court is further unpersuaded by the defendants' reliance on *Proxconn*. Dkt. No. 39 at 9 (citing *Proxyconn Inc. v. Microsoft Corp.*, No. 8:11-cv-1681, 2012 WL 1835680, at \*5 (C.D. Cal. May 16, 2012).). Not only has that case been expressly disagreed with in its own district, but it ignores the fact that the defendants' conduct has continued after having received the Original and Amended Complaints. *Parity Networks, LLC v. Moxa Inc.*, No. SACV20698JVSKESX, 2020 WL 6064636, at \*4 (C.D. Cal. Sept. 11, 2020) (noting a split between circuits and expressly declining to follow *Proxyconn*); *see also Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-CV-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023) (following the majority of the Fifth Circuit courts and holding that pre-suit conduct can support post-suit induced infringement). Thus, the undersigned recommends that the defendants' motion directed at the post-suit inducement of infringement claims be **DENIED**.

### C. Willfulness Allegations Are Insufficient

The defendants move to dismiss pre-suit and post-suit willful infringement. The defendants make the same arguments about the lack of pre-suit knowledge for willfulness as they do for inducement. Dkt. No. 39 at 10. The defendants also contend that the allegations of willfulness fall short of the culpability required for willfulness. *Id*. at 11 (citing *Datanet LLC v. Dropbox Inc.*, No. 6:22-cv-1142, 2023 WL 7118041, at \*6 (W.D. Tex. Oct. 27, 2023)). The defendants contend that willfulness claims would be better asserted after conducting discovery.

*Id*. (citing *See* Standing Order Governing Proceedings (OGP) 4.4—Patent Cases (issued Mar. 31, 2024); *Datanet*, 2023 WL 7118041, at *6; *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019)).

The plaintiff contends that it has adequality plead willfulness. The plaintiff again relies on the alleged contact between an inventor and the defendants over several years. Dkt. No. 43 at 9-10. The plaintiff also contends that at the pleading stage it need only allege facts supporting willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, or flagrant behavior. *Id*. at 10-11 (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc*.,579 U.S. 93, 103-04)). The plaintiff contends that the past interactions combined with the plaintiff's ongoing alleged infringement after being sued satisfy the pleading requirements for willfulness and distinguish this case from *Datanet*. *Id*. at 11-12 (citing *Datanet LLC v. Dropbox Inc.*, No. 6:22-cv-1142, 2023 WL 7118041, at *6 (W.D. Tex. Oct. 27, 2023)).

The Court agrees with the defendants regarding pre-suit and post-suit infringement. For the same reasons the Court recommends granting the pre-suit inducement, the Court recommends granting the motion to dismiss pre-suit willfulness. Additionally, the plaintiff has failed to allege any specific post-suit conduct that would rise to the level of malicious or bad faith. Rather, the defendants have continued to engage in the conduct accused of infringement while contesting the lawsuit. The undersigned finds this similar to the *Datanet* case and recommends that the defendants' motion to dismiss the willfulness claims be **GRANTED**.

**D. Allegations of Direct Infringement of the '721 Patent Are Sufficient**

Lastly the defendants contend that the claims based on the '721 patent should be dismissed for failure to plausibly plead infringement. The defendants contend that while the plaintiff accuses the defendants' Falcon Platform of infringing claim 1 of the '721 patent, the

plaintiff supports this asserting with citations to Cloudflare—a third party—websites that never mention the accused Falcon Platform. Dkt. No. 39 at 12-13. The defendants contend that even when the plaintiff refers to the Falcon Platform, the documents it cites in support of those statements are actually Cloudflare documents. *Id*. at 13-14. To the extent the plaintiff contends that CrowdStrike and Cloudflare jointly infringe, the defendants contend the allegations failure to include the necessary specificity about which party does what. *Id*. at 14.

The plaintiff asserts that its direct infringement claims based on the '721 patent are sufficient for several reasons. First, they contend that the defendants are ignoring evidence cited in the Amended Complaint about CrowdStrike and Cloudflare working together. Dkt. No. 43 at 12 (citing Dkt. No. 29 ¶ 109 & n.58). The plaintiff contends that the document cited in footnote 58 describes how CrowdStrike's Falcon Platform interacts with Cloudflare's products and provides support for the asserted infringement read. *Id*. at 13-14.

The Court is persuaded that the plaintiff has asserted sufficient facts to plausibly allege direct infringement of the '721 patent. A review of the infringement allegations in the Amended Complaint confirm that the plaintiff is solely accusing the defendants of infringing the '721 patent—and not asserting joint infringement. *See* Dkt. No. 29 ¶¶ 107-121. The specific paragraphs cited by the defendants—paragraphs 111 and 117—allege specific facts directed at the defendants, not Cloudflare. Those paragraphs rely on a "joint solution brief" that appears to be authored by Cloudflare and CrowdStrike, but the portions relied on by the plaintiff describe conduct of the defendants' Falcon Platform. *See id*. ¶¶ 111 n.61 & 117 n.67. The defendants' denial of the allegations or their assertions that the steps are performed by another party do not eliminate the factual allegations or prevent them from plausibly stating a claim for direct

infringement. The undersigned, therefore, recommends that the defendants' motion to dismiss the '721 patent direct infringement claims be **DENIED**.

## IV.   RECOMMENDATION

For the above reasons, the undersigned recommends that the plaintiff's claims for pre-suit inducement, pre-suit willfulness, and post-suit willfulness be **DISMISSED** without prejudice to repleading after fact discovery and that the defendants' motion to dismiss post-suit inducement and direct infringement of the '721 patent be **DENIED**. For those reasons, the **RECOMMENDATION** of the undersigned is that the defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s Motion to Dismiss (Dkt. No. 39) be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

      **SIGNED** this 2nd day of February, 2026.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE