**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| SKYSONG INNOVATIONS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:25-cv-00040-DC-DTG |
| | § | |
| CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**DEFENDANTS CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC.'S OPPOSITION TO PLAINTIFF SKYSONG INNOVATIONS, LLC'S MOTION FOR LEAVE TO SERVE FIRST AMENDED FINAL INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................ 1

II. FACTUAL BACKGROUND ........................................ 1

III. LEGAL STANDARD ........................................ 2

IV. ARGUMENT ........................................ 3

a. Skysong Was Not Diligent about Amending Its Contentions ........................................ 3

i. Skysong Cannot Show Diligence Using Already Available Evidence. ........................................ 4

ii. Motion Practice Cannot Excuse Skysong's Lack of Diligence. ........................................ 7

iii. The Court's Claim Construction Order Also Provides No Excuse ........................................ 7

b. The Amendments Are Not Important ........................................ 8

c. The Amendments Would Be Prejudicial ........................................ 9

d. A Continuance Would Not Avoid the Prejudice ........................................ 11

V. CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
612 F. App'x 1009, 1015 (Fed. Cir. 2015) ....................3

*BookIT Oy v. Bank of Am. Corp.*,
817 F. App'x 990 (Fed. Cir. 2020) ....................8

*Cutting Edge Vision, LLC v. TCL Tech. Grp. Corp.*,
No. 22-cv-285, 2023 WL 4002539 (W.D. Tex. June 14, 2023) ....................4

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 17-cv-140, 2018 WL 5834148 (E.D. Tex. Nov. 7, 2018) ....................6

*GoPro, Inc. v. 360Heros, Inc.*,
No. 16-cv-01944, 2017 WL 1278756 (N.D. Cal. Apr. 6, 2017) ....................5

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025, (Fed. Cir. 2015) ....................3. 7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006) ....................3, 4, 9, 10

*R2 Sols. LLC v. Databricks, Inc.*,
No. 23-cv-1147, 2026 WL 265258 (E.D. Tex. Feb. 2, 2026) ....................6

*Revolaze LLC v. J.C. Penney Corp., Inc.*,
No. 19-cv-43, 2020 WL 2220158 (E.D. Tex. May 6, 2020) ....................3

*Smith v. BCE Inc.*,
No. 04-cv-303, 2005 WL 1593386 (W.D. Tex. June 10, 2005) ....................3

*USAA v. Wells Fargo Bank, N.A.*,
No. 18-cv-366, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ....................6, 8

**Statutes and Other Authorities**

Fed. R. Civ. P. 16(b)(4) ....................2

## I. INTRODUCTION

CrowdStrike does not oppose Skysong's current supplementation of previously disclosed theories in its final infringement contentions based on discovery produced after the June 1 contentions deadline. But Skysong's proposed supplement is not so limited. Skysong instead seeks to bolster its contentions with new, undisclosed theories based on documents and code that CrowdStrike produced ***months*** before that deadline. Skysong's summary table, which proposes amendments for the '721 patent using no newly produced code, proves this. *See* Mot. at 11.

To justify its new theories, Skysong alleges that its proposed supplement merely provides "documentary support for [its] already disclosed infringement theories." Mot. at 10. But many of its proposed theories are undisputedly new, not old.

In the alternative, Skysong argues that its proposed supplement is necessary to address the Court's May 29, 2026 Claim Construction Order. Skysong ignores that the Court notified the parties of its final claim constructions on March 12, 2026—***over two months*** before the June 1, 2026 contentions deadline. The May 29, 2026 Order, which memorializes the Court's ruling on those constructions, therefore cannot excuse Skysong's tardiness.

Skysong's proposed amendments, which come at the close of fact discovery and just days before the parties' expert reports, would be highly prejudicial if entered. And Skysong can show neither good cause nor diligence for offering them now. The Court should deny Skysong leave to amend its contentions, except for the limited portions directed to newly produced code supporting Skysong's previously disclosed theories.

## II. FACTUAL BACKGROUND

Under the Court's scheduling order, Skysong's preliminary infringement contentions were due on September 10, 2025. *See* ECF No. 55. CrowdStrike's production of technical

documents (including software, if applicable) sufficient to show the operation of the accused products was due by November 5, 2025. *See id.* CrowdStrike met that deadline.

Fact discovery opened on February 19, 2026. *See id.* The Court subsequently announced its final claim constructions on March 12, 2026. *See* ECF No. 122. On May 29, 2026, the Court issued a memorandum order to "provide[] [its] bases and analysis for [its] Final Claim Constructions." ECF No. 148 at 1.

Skysong served its Final Infringement Contentions three days later on June 1, 2026. *See* Mot. at 2. Although it later moved to compel certain technical production from CrowdStrike, Skysong never sought leave to extend the final contentions deadline. Nor did Skysong move to compel production of source code. CrowdStrike's post-June productions of source code were at Skysong's requests, and CrowdStrike disputes the relevance of a significant amount of that code. On August 4, 2026, the Court resolved the parties' dispute over CrowdStrike's technical document production and ordered it to produce specified materials within 14 days. *See* Mot. at 14–15.

On July 24, 2026—53 days after the final infringement contentions deadline—Skysong served proposed supplemental contentions on CrowdStrike. Mot. at 2. Skysong then circulated a second proposed supplemental set on August 6, 2026. *See* Mot. at 2-3.

On August 14—just 12 days before the August 26, 2026 fact discovery cutoff—Skysong moved to supplement its contentions. Briefing will be complete after fact discovery closes.

Skysong has indicated it "expects to further supplement its contentions shortly." *Id.* at 3.

## III. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party proposes amendments after the final contentions

deadline, courts consider (1) the plaintiff's "explanation for [its] failure to timely move for leave to amend"; (2) the "importance of the [proposed] amendment[s]"; (3) the "potential prejudice in allowing the amendment"; and (4) the "availability of a continuance to cure such prejudice." *Smith v. BCE Inc.*, No. 04-cv-303, 2005 WL 1593386, at *2 (W.D. Tex. June 10, 2005).

Good cause and, relatedly, diligence are threshold considerations. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("'[G]ood cause' requires a showing of diligence."). The movant must show diligence both in discovering the basis for its proposed amendments and in seeking leave after that basis becomes apparent. *See id.*; *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035–36 (Fed. Cir. 2015).

New evidence alone cannot justify a proposed amendment; the movant must still explain why it could not have reasonably made the amendment earlier. *See O2 Micro*, 467 F.3d at 1366–68. The same is true of an unexpected claim construction; the movant must still demonstrate diligence in moving to amend its contentions after that construction. *See Allvoice Devs. US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015).

## IV. ARGUMENT

### a. Skysong Was Not Diligent about Amending Its Contentions

Skysong cannot meet the threshold requirement of diligence for its proposed supplement. Skysong waited 53 days after the final infringement contention deadline to serve its proposed supplement. It then waited another 22 days to move for leave.

Most of Skysong's proposed amendments rely on documents and code that CrowdStrike produced months before the final contentions deadline. With the close of fact discovery days away, those amendments are too late and too prejudicial. *See Revolaze LLC v. J.C. Penney Corp., Inc.*, No. 19-cv-43, 2020 WL 2220158, at *3 (E.D. Tex. May 6, 2020) ("[I]f the patentee

waits until the very end of the discovery period to amend its contentions, the accused infringer is deprived of a fair opportunity to conduct discovery addressing this contention.”).

**i. Skysong Cannot Show Diligence Using Already Available Evidence.**

To carry its burden of showing diligence, Skysong argues that it was awaiting CrowdStrike’s production of source code and documents. *See* Mot. at 13–17. But CrowdStrike does not oppose the small fraction of Skysong’s current proposed amendments that rely ***only*** on code and documents that CrowdStrike produced after the June 1, 2026 final contentions deadline. Instead, CrowdStrike opposes the amendments that introduce new theories and do not depend on that production.

Parties must amend their contentions promptly. Otherwise, “the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation.” *O2 Micro*, 467 F.3d at 1366. As the parties have reached the end of fact discovery, it is too late for Skysong’s new theories. Skysong’s own authority confirms this, explaining that a party may only “fine tune[]” their infringement theories “as discovery unfolds,” but not rewrite them. *Cutting Edge Vision, LLC v. TCL Tech. Grp. Corp.*, No. 22-cv-285, 2023 WL 4002539, at *2 (W.D. Tex. June 14, 2023) (J. Gilliland).

Skysong’s summary table confirms that its proposed amendments go far beyond CrowdStrike’s post-June 1, 2026 production. Skysong openly admits that many of its proposed amendments rely only on source code produced on May 15 and May 22, 2026—***before*** the final contentions deadline. *See id.* at 10–12. For example, its proposed supplement for the ’900 patent against CrowdStrike’s [redacted] relies on source code produced in May 2026. *See* ECF No. 182-4, Ex. C at 52. Although Skysong complains that it had mere “weeks” to consider that code, Mot. at 14, Skysong does not explain why that time was insufficient to

identify its proposed amendments sooner or why it then waited over two months to actually move to amend. *See GoPro, Inc. v. 360Heros, Inc.*, No. 16-cv-01944, 2017 WL 1278756 (N.D. Cal. Apr. 6, 2017) (two-month delay in moving to amend was not diligent).

Skysong's summary table also reveals that only a few of its proposed amendments (flagged as "[i]ncluding [s]ource [c]ode") involve CrowdStrike's post-June 1, 2026 source code production. *Id.* at 10–13. Many do not. *E.g.*:

- [redacted]
- [redacted]
- [redacted]
- [redacted]

Skysong's table further reveals that many of its proposed amendments do not involve newly disclosed documents. For example, to support its new '385 patent allegations, Skysong cites CrowdStrike's 10-K annual report. *See* ECF No. 182-4, Ex. A ('385 Patent) at 15 (citing CS-SKYSONG-0005067); Mot. at 10. But Skysong cannot dispute that CrowdStrike's 10-K is a publicly available document. Nor can it dispute that CrowdStrike produced its 10-K on November 21, 2025.[1]

Skysong also cannot dispute that its proposed supplement is directed at the Falcon Platform, which the Court has expressly held is ***not*** an accused product. ECF No. 181 ("The Falcon Platform is not accused and is only part of the case to the extent one of the Accused

[1] Declaration of Ian Bennnett ("Bennett Decl.") ¶ 5. CrowdStrike produced all documents bearing a Bates number lower than CS-SKYSONG-0033289 before the June 1, 2026 final infringement contentions deadline. *Id.* ¶ 3. The production dates cited in parentheticals throughout this section are identified at Bennett Decl. ¶¶ 3-13; *see also* Exs. 1-5.

Products interacts with it.”). Accordingly, whether the [redacted] as Skysong alleges is beside the point and cannot justify its untimely proposed supplement. Mot. at 10. Skysong also cites this public 10-K to justify its allegations against [redacted], which were previously unaccused products. *See* ECF No. 182-4, Ex. A at 23-24 (citing CS-SKYSONG-0005067).

Skysong’s amended charts cite to some of CrowdStrike’s earliest produced documents to introduce its new theories. *E.g.*, ECF No. 182-4, Ex. B at 36 (citing CS_SKYSONG-0003708, produced Nov. 6, 2025), Ex. C at 50 (citing CS-SKYSONG-0004407, produced Nov. 23, 2025), Ex. D at 23 (citing CS-SKYSONG-0003217, produced Nov. 6, 2025), Ex. E at 49 (citing CS-SKYSONG-003509, produced Nov. 6, 2025). Three of the amended charts do not cite a ***single*** document that was produced after the June 1, 2026 final contentions deadline. *See* ECF No. 182-4, Ex. A (’385 Patent), Ex. C (’900 Patent), Ex. E (’897 Patent); Bennett Decl. ¶¶ 9, 11, 13. Instead, CrowdStrike produced all cited documents much earlier.

Of the two charts that cite later documents, neither cites anything produced after June 8, 2026. *See* ECF No. 182-4, Ex. B (’721 Patent) (citing only documents produced June 8, 2026 or earlier); Ex. D (’831 Patent) (citing only documents produced June 8, 2026 or earlier).

Skysong’s authorities confirm the inappropriateness of its belated opposed supplement here. In each, the plaintiff tied its proposed supplement to source code or technical documents that the defendant produced only ***after*** it served its contentions. *See, e.g.*, *USAA v. Wells Fargo Bank, N.A.*, No. 18-cv-366, 2019 WL 6878880, at *1–3 (E.D. Tex. Dec. 17, 2019) (amendment addressed “newly produced source code”); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 17-cv-140, 2018 WL 5834148, at *2 (E.D. Tex. Nov. 7, 2018) (amendment addressed newly produced source code and related deposition); *R2 Sols. LLC v. Databricks, Inc.*, No. 23-cv-1147, 2026 WL

265258, at *13 (E.D. Tex. Feb. 2, 2026) (supplement based "entirely on new information, produced only pursuant to the Court's order").

Again, CrowdStrike does not oppose Skysong's proposed supplement, to the extent based on source code produced only after the June 1, 2026 final contentions deadline and consistent with its previously disclosed theories. But Skysong cannot properly seek more. Its consistent reliance on documents produced long before the final contentions deadline (including as far back as November 2025) and changed theories show a ***lack*** of diligence, not diligence. The Court should deny Skysong's related amendments.

**ii. Motion Practice Cannot Excuse Skysong's Lack of Diligence.**

Even assuming that Skysong's opposed amendments rely upon CrowdStrike's source code and document production (they do not), Skysong ignores that diligence in pursuing production is not the same as diligence in seeking leave to amend. Skysong must show both but does not. *See Keranos*, 797 F.3d at 1035–36.

As noted, after the June 1, 2026 final contentions deadline passed, Skysong waited 53 days to supplement its contentions and then another 22 days to move for leave to amend. This too shows a ***lack*** of diligence, not diligence.

Although Skysong claims that it identified "numerous holes" in CrowdStrike's production only after serving its final infringement contentions, Mot. at 14, it offers no explanation for why it did not move to amend or otherwise seek relief earlier.

Skysong's two motions to compel against CrowdStrike provide no excuse. The hearing on its first motion ***preceded*** the deadline for its final infringement contentions. *See* ECF No. 133. And the hearing on the second occurred on August 4, 2026—***after*** SkySong provided its proposed supplement. *See* ECF No. 173.

**iii. The Court's Claim Construction Order Also Provides No Excuse**

Skysong justifies its proposed supplements for the '721 and '897 patents based on the Court's May 29, 2026 Claim Construction Order. *See, e.g.*, ECF No. 182-4, Ex. B at 68:

[redacted]

But the Court's May 29, 2026 Claim Construction Order merely memorializes constructions that the Court ***previously*** provided to the parties on March 12, 2026, two months earlier. Skysong also identifies nothing in the Court's May Order that justifies Skysong's untimely supplement. *Compare* ECF No. 122 *with* ECF No. 148. Nor could it. Courts routinely reject proposed amendments to infringement contentions based on claim constructions that were "easily foreseeable." *See, e.g.*, *BookIT Oy v. Bank of Am. Corp.*, 817 F. App'x 990, 994 (Fed. Cir. 2020). As the Court already identified in proposed constructions back in March, nothing in the Court's May order could have been unforeseeable.

**b. The Amendments Are Not Important**

The second factor, the importance of the proposed amendments, also does not favor Skysong. Per Skysong, its June 1, 2026 final contentions already disclose the theories covered by its proposed amendments. *See* Mot. at 9, 17, 20. If that is true, however, then Skysong does

not require those amendments and they cannot be important. *USAA*, 2019 WL 6878880, at *2 ("'[F]urther clarification and explanation' of theories already disclosed are not overly important under this factor.").

CrowdStrike notes that Skysong's positions are inconsistent. If Skysong's proposed amendments merely identify evidence that strengthen its already disclosed theories, as it claims, *id.* at 17-18, 20, Skysong can rely on those theories without supplementation. On the other hand, if the newly identified evidence is indispensable because it supplies a missing element for an infringement theory, the Court should not allow that theory as new and therefore untimely. *See O2 Micro*, 467 F.3d at 1366–68.

To be clear, CrowdStrike does not seek to bar Skysong's timely disclosed theories and its reliance on later evidence that substantiates those previously disclosed theories. Subject to the Court's rules governing a party's contentions, expert reports, and introduction of trial evidence, Skysong remains free to present and litigate the theories that it timely disclosed on June 1, 2026. But it cannot add new theories nor expand the previous ones.

### c. The Amendments Would Be Prejudicial

Both the scope and timing of Skysong's proposed supplement magnifies and underscores the potential burden (and thus the prejudice) to CrowdStrike.

As shown by its five redline exhibits, Skysong's proposed amendments span ***all five*** asserted patents. ECF 182-4, Exs. A–E; Mot. at 3. They rely on claim interpretations, structures, and features that Skysong previously failed to identify. They also cite additional CrowdStrike information repositories and propose alternative and substitute infringement theories.

For example, and as noted, Skysong's new allegations for the '721 patent rely only on documents that CrowdStrike produced before or shortly after the June 1, 2026 final contentions

deadline. These allegations involve how a [redacted] ECF No. 182-4, Ex. B at 86. Skysong's allegations point to CrowdStrike [redacted] *See id* (citing CS-SKYSONG-0003209, produced in November 2025). Because Skysong's prior infringement allegations did not point to this information pathway at all, however, CrowdStrike would need to investigate this new theory to rebut it.

As another example, Skysong proposes a new infringement theory for the '900 patent based on a CrowdStrike [redacted]. Per Skysong, this feature allegedly [redacted] ECF No. 182-4, Ex. C at 63-70. Skysong's new theory, however, depends on evidence that CrowdStrike produced in November 2025. This evidence includes CS-SKYSONG-000001, ***the very first document*** that CrowdStrike produced in this case. *See id.* at 68-70.

To respond to these theories, CrowdStrike and its experts would need to assess the newly identified evidence and theories and develop non-infringement positions against them. CrowdStrike would need to assess its invalidity contentions in light of Skysong's infringement positions—one of the reasons that invalidity contentions follow infringement contentions. CrowdStrike also would need to propound and pursue related discovery, including written discovery and depositions, on Skysong. But because Skysong waited until July 24, 2026 and August 6, 2026 to disclose these theories, CrowdStrike has no time to pursue these tasks.

Downplaying this prejudice, Skysong alleges that it supplied the "bulk" of these amendments on the earlier July 24 date. Mot. at 20. But even July 24 is just one month before the August 26, 2026 fact discovery cutoff, and Skysong suggests that even more amendments are coming. *See id.* at 2–5, 15. With expert discovery looming, Skysong's theories should be stable,

not in flux. *See O2 Micro*, 467 F.3d at 1366 (discouraging serial amendments). The Court should not allow Skysong's further amendments.

#### d. A Continuance Would Not Avoid the Prejudice

The final factor--whether a continuance would relieve the prejudice—weighs against amendment. Skysong previously ***refused*** to extend the schedule to mitigate the prejudice from its revised theories and allow for orderly depositions. Bennett Decl. ¶ 2. As a result, Skysong can hardly argue that a continuance would avoid the clear prejudice from its amendments now.

A continuance at this very late stage would magnify the prejudice to CrowdStrike. By the time that briefing on this motion is complete, the parties will have taken all fact depositions, and discovery will have closed. A continuance therefore would require re-opening discovery (including depositions) and significantly increase CrowdStrike's costs.

## V. CONCLUSION

All of the good-cause factors favor denial of Skysong's motion. Skysong did not act diligently. Its timely-disclosed theories remain available to it. The danger of prejudice to CrowdStrike is high, as its proposed amendments present new theories rather than merely identify additional evidentiary support. And a continuance would not avoid that prejudice, especially as Skysong has already refused one. The Court thus should deny Skysong's request for leave to provide the opposed amendments.

Dated: August 21, 2026 By: */s/ Alex S. Yap*

Brian C. Nash (TX Bar No. 24051103)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (512) 617-0654
Email: BNash@mofo.com

Bita Rahebi (CA Bar No. 209351)
*(pro hac vice)*
Alex S. Yap (CA Bar No. 241400)
*(pro hac vice)*
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel.: (213) 892-5200
Email: BRahebi@mofo.com
AYap@mofo.com

Richard S.J. Hung (CA Bar No. 197425)
*(pro hac vice)*
Ian Bennett (CA Bar No. 346555)
*(pro hac vice)*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
Email: RHung@mofo.com
KPundeff@mofo.com
IBennett@mofo.com

Theresa Tan (CA Bar No. 341185)
*(pro hac vice)*
Tim Fellows (CA Bar No. 357763)
*(pro hac vice)*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Tel.: (650) 813-5600
Email: TTan@mofo.com
TFellows@mofo.com

Abed R. Balbaky (NY Bar No. 5844873)
*(pro hac vice)*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Email: ABalbaky@mofo.com

Sarah Vandervalk (CA Bar No. 332651)
*(pro hac vice)*
MORRISON & FOERSTER LLP

12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Tel.: (858) 720-5100
Email: SVandervalk@mofo.com

Fitz B. Collings (D.C. Bar No. 1015729)
*(pro hac vice)*
Jenna H. Seleznick (D.C. Bar No. 1723224)
(*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Email: FCollings@mofo.com
JSeleznick@mofo.com

***Counsel for Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused a copy of this document to be served by transmitting it via e-mail or electronic transmission to counsel of record for Plaintiff.

*/s/ Alex S. Yap*
Alex S. Yap