**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| SKYSONG INNOVATIONS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 7:25-cv-00040-DC-DTG |
| | § | [redacted] |
| CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE FIRST AMENDED FINAL INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..................................................................................... 1

II. ARGUMENT .......................................................................................... 1

A. Good Cause Exists for CrowdStrike's Sur-Reply. ................................................ 1

B. Skysong's Response Confirms that Dr. Medvidovic's Report Revealed an Independent Mapping. ........................................................ 3

C. Skysong's New "Already Disclosed" Argument Contradicts Its Own Motion for Leave to Supplement Its Contentions. ........................................ 4

D. The Court Should Deny Skysong's Request for a Sur-Sur-Reply. ......................... 5

III. CONCLUSION ........................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BookIT Oy v. Bank of Am. Corp.*,
817 F. App'x 990 (Fed. Cir. 2020) ....................4

*DoDots Licensing Sols. LLC v. Apple Inc.*,
No. 22-cv-533, Dkt. 122 (W.D. Tex. July 17, 2023) ....................2

*Hernandez v. Baylor Univ.*,
No. 16-cv-69, Dkt. 91 (W.D. Tex. Mar. 6, 2017) ....................1

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)....................3

*Progressive Cnty. Mut. Ins. Co. v. U.S. Customs & Border Prot.*,
No. 22-cv-468, 2023 WL 9105545 (W.D. Tex. Nov. 17, 2023)....................1, 2

*Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*,
420 F. Supp. 3d 562 (W.D. Tex. 2019)....................2, 5

*Trs. of Purdue Univ. v. STMicroelectronics, Inc.*,
No. 21-cv-727, 2023 WL 4923972 (W.D. Tex. Aug. 1, 2023)....................4

# I. INTRODUCTION

Skysong's Response confirms that a limited sur-reply is appropriate. Skysong does not dispute that, for the "first set of most significant bits" ("MSB") limitation of U.S. Patent No. 11,775,831 ("the '831 patent"), its expert Dr. Nenad Medvidovic points primarily to [redacted] Skysong also does not dispute that this mapping originated from its July 24, 2026 proposed supplemental infringement contentions—which the Court has not yet entered. (Dkt. 214 at 6–7 (characterizing this mapping as reflecting the "same theory").)

Opposing a sur-reply, Skysong argues that CrowdStrike should have anticipated Dr. Medvidovic's new primary mapping from its proposed supplement. (*See id.* at 1.) It also argues that its June 1, 2026 Final Infringement Contentions disclosed the mapping all along. (*See id.* at 6.)

Both contentions are incorrect. CrowdStrike could not anticipate Dr. Medvidovic's wholesale substitution of Skysong's new [redacted] theory for '831 limitation 1[A] until he presented it. And if Skysong's June 1 Final Infringement Contentions actually disclosed this theory, that would merely reinforce why Skysong does not need to supplement. The Court thus should allow CrowdStrike's sur-reply addressing this new theory.

# II. ARGUMENT

## A. Good Cause Exists for CrowdStrike's Sur-Reply.

Courts in this District permit sur-replies where the movant provides "adequate justification." *Hernandez v. Baylor Univ.*, No. 16-cv-69, Dkt. 91 at 1 (W.D. Tex. Mar. 6, 2017). This can occur where the sur-reply is necessary to "present previously unavailable evidence or . . . address new arguments raised in the reply brief." *Progressive Cnty. Mut. Ins. Co. v. U.S. Customs & Border Prot.*, No. 22-cv-468, 2023 WL 9105545, at *2 (W.D. Tex. Nov. 17, 2023).

Citing *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, Skysong contends that a sur-reply is warranted only in "exceptional or extraordinary circumstances." 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019). In *Silo,* however, Judge Pulliam acknowledged that a sur-reply may be appropriate where the movant "identif[ies] . . . new issues, theories, [and] arguments" that justify one. *Id.* That is exactly what CrowdStrike has shown here.

CrowdStrike first learned of Skysong's assertion of its [redacted] theory as the primary mapping for limitation 1[A]'s MSB limitation with Dr. Medvidovic's September 2, 2026 opening report. Skysong served that five days ***after*** it filed its August 28, 2026 reply in support of its motion to amend. (Dkt. 200.) The chronology establishes good cause for a sur-reply. *See DoDots Licensing Sols. LLC v. Apple Inc.*, No. 22-cv-533, Dkt. 122 (W.D. Tex. July 17, 2023) (good cause where sur-reply "respond[ed] to Defendants' new evidence"). Skysong does not dispute that CrowdStrike diligently sought leave to file its sur-reply twenty-one days after receiving Dr. Medvidovic's report. *See Progressive*, 2023 WL 9105545, at *3 (granting leave sought two months after reply).

CrowdStrike's sur-reply also addresses a new argument in Skysong's reply in support of its motion for leave, *i.e.*, that CrowdStrike's [redacted] production documents were "ambiguous" until later-produced code "confirmed" that "[redacted]" (Dkt. 200 at 6.) To rebut that Skysong argument, CrowdStrike's sur-reply notes that this purported ambiguity did not prevent Skysong from timely asserting ***other*** [redacted] theories (*e.g.*, involving [redacted] (*See* Dkt. 212-2 at 4.)

Skysong's accusation of "sandbagging" is simply false. (Dkt. 214 at 1–3.) Before moving for leave to supplement its contentions, Skysong made clear that it was [redacted] (Dkt. 182-19 at

5:8–6:9.) Nevertheless, CrowdStrike identified the specific amendments that it did (and did not) oppose. (Dkt. 182-16 at 6–8.) The unopposed amendments did not include Skysong's [redacted] theory. (*Id.*) In subsequently opposing Skysong's motion for leave, CrowdStrike again identified the opposed amendments, which included that specific theory.

If anyone is sandbagging, it is Skysong. When moving for leave to supplement, Skysong represented that pages 84–86 of its proposed '831 supplement related to its contention that [redacted] (Dkt. 182-2 at 10, 12.) Despite that representation, Dr. Medvidovic's opening report instead used that material as the basis of a new infringement theory. Skysong, not CrowdStrike, bore the burden of demonstrating diligence for its supplement and was best positioned to explain its significance. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (party moving to supplement bears "burden . . . to establish diligence").

**B. Skysong's Response Confirms that Dr. Medvidovic's Report Revealed an Independent Mapping.**

Skysong cannot defend its prior characterization of its supplement as merely additional evidence for an existing theory. Pages 84–86 of its proposed supplement undisputedly map [redacted] to the '831 patent's MSB limitation (*i.e.*, 1[A]). Despite arguing that "highlighting a specific step" does not constitute a new theory (Dkt. 214 at 7), Skysong's Response makes clear that it does. Skysong acknowledges that Dr. Medvidovic's report newly places this [redacted] and the [redacted] (*Id.* at 4.)

CrowdStrike's sur-reply also addresses why this theory is new. (Dkt. 212-2 at 2–3.) Skysong's June 1, 2026 Final Infringement Contentions mapped the [redacted] to the '831 patent's MSB limitation. Skysong's proposed supplement and Dr. Medvidovic's

report, by contrast, map selection of the [redacted] to the MSB limitation. (Dkt. 212-3 ¶¶ 484, 486.) Identifying a different part of the accused product as satisfying a limitation constitutes a new theory. *Compare BookIT Oy v. Bank of Am. Corp.*, 817 F. App'x 990, 994–95 (Fed. Cir. 2020) (affirming exclusion of expert opinions on undisclosed mapping despite argument that "overall infringement theory was unchanged"), *with Trs. of Purdue Univ. v. STMicroelectronics, Inc.*, No. 21-cv-727, 2023 WL 4923972, at *1 (W.D. Tex. Aug. 1, 2023) (theory not new where patentee "did not point to a new region or product").

Skysong's claim that [redacted] (and not its [redacted] theory) "remain[s] central" to its infringement theory is demonstrably false. (Dkt. 214 at 7.) Dr. Medvidovic's report mentions [redacted] only in ***two footnotes*** and only for ***two other limitations***, 1[C] and 1[D]. (Dkt. 212-3 ¶¶ 489–90 & nn.52, 56.) Although Skysong points to paragraphs 483–485 of his report as allegedly mentioning [redacted] they do not mention [redacted] at all. (*Id.* ¶¶ 483–85 & nn.43–44, 46.) Paragraph 485's reference to [redacted] also presents only an alternative mapping for limitation 1[A]'s MSB limitation. (*Id.*)

### C. Skysong's New "Already Disclosed" Argument Contradicts Its Own Motion for Leave to Supplement Its Contentions.

Skysong newly contends that pages 62 and 68 of its June 1, 2026 Final Infringement Contentions disclosed its [redacted] theory for the 1[A]/MSB limitation. (Dkt. 214 at 1, 6; Dkt. 214-2 at 62–63, 68.) But Skysong never argued this when moving to supplement its contentions. Regardless, neither page 62 nor page 68 discusses this new theory.

Quoting a blog post, page 62 merely states that [redacted] makes it possible to [redacted] (Dkt. 214-2 at 62–63.) Nothing on page 62 or in the quoted blog post says anything about [redacted] much less the [redacted] As for page 68, it cites a [redacted] that refers to the [redacted]

[redacted] only as support for the [redacted] limitation in 1[A]—not the MSB limitation. (*Id.* at 68.)

Skysong's proposed supplement confirms that claim 1[A]'s "one or more [CNN] layers" limitation is distinct from its MSB limitation. Page 84 of the supplement (Dkt. 182-8) maps [redacted] to the "one or more layers in a convolutional neural network" limitation. It separately maps [redacted]

Skysong's assertion that CrowdStrike had the opportunity to address Skysong's lack of diligence and the prejudice resulting from the proposed supplement "since July 24" is wrong. (Dkt. 214 at 9–10.) Skysong's July 24, 2026 proposed supplement did not make clear whether it was proposing a new mapping for the '831 patent's MSB limitation or, as Skysong represented to the Court, merely presenting cumulative evidence. (Dkt. 182-2 at 1, 10, 12; Dkt. 200 at 2.) Dr. Medvidovic's opening report removed any ambiguity and revealed the supplement as a pretext for an entirely new infringement theory.

### D. The Court Should Deny Skysong's Request for a Sur-Sur-Reply.

Skysong's one-sentence alternative request for a sur-sur-reply (Dkt. 214 at 10) should be denied. First, Skysong has already contested each of the sur-reply's arguments on the merits. (*Id.* at 5–10.) Another brief would only "delay resolution of the underlying motion." *Silo*, 420 F. Supp. 3d at 570. Second, Skysong identifies no new issue, argument, or evidence it needs to address. *See id.* at 571. Third, the sur-reply depends on Skysong's own expert report and briefing, *i.e.*, evidence that it has already seen. Finally, Skysong will have a full opportunity to defend Dr. Medvidovic's opinions in opposing a future motion to strike or *in limine* motion.

## III. CONCLUSION

For the reasons above and in its motion for leave, CrowdStrike asks for leave to file its sur-reply (Dkt. 212-2) and that the Court deny Skysong's request for leave to file a sur-sur-reply.

Dated: October 8, 2026

Respectfully submitted,

By: /s/ *Alex S. Yap*

Brian C. Nash (TX Bar No. 24051103)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel.: (512) 617-0654
Email: BNash@mofo.com

Bita Rahebi (CA Bar No. 209351)
(*pro hac vice*)
Alex S. Yap (CA Bar No. 241400)
(*pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Tel.: (213) 892-5200
Email: BRahebi@mofo.com
AYap@mofo.com

Richard S.J. Hung (CA Bar No. 197425)
(*pro hac vice*)
Karina N. Pundeff (CA Bar No. 324472)
(*pro hac vice*)
Ian A. Bennett (CA Bar No. 346555)
(*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
Email: RHung@mofo.com
KPundeff@mofo.com
IBennett@mofo.com

Sarah Vandervalk (CA Bar No. 332651)
(*pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Tel.: (858) 720-5100
Email: SVandervalk@mofo.com

Tim Fellows (CA Bar No. 357763)
(*pro hac vice*)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 813-5600
Email: TFellows@mofo.com

Abed R. Balbaky (NY Bar No. 5844873)
(*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Tel.: (212) 468-8000
Email: ABalbaky@mofo.com

Fitz B. Collings (D.C. Bar No. 1015729)
(*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel.: (202) 887-1500
Email: FCollings@mofo.com

***Counsel for Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, a true and correct copy of the foregoing document was served on all counsel of record via email.

*/s/ Alex S. Yap*
Alex S. Yap