**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **SKYSONG INNOVATIONS, LLC,** *Plaintiff,* <br><br> **v.** <br><br> **CROWDSTRIKE, INC. and CROWDSTRIKE HOLDINGS, INC.,** *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **MO:25-CV-00040-DC** |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("R&R")[1] of the United States Magistrate Judge Derek T. Gilliland concerning the above-captioned case and Defendants CrowdStrike, Inc. and CrowdStrike Holdings, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (the "Motion").[2] In the R&R, the Magistrate Judge recommends that the Court deny the Motion. In response to the R&R, Defendants filed timely objections.[3]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. Because Defendants timely objected to several portions of the R&R, the Court reviews those portions de novo, and the rest for clear error. Having done so, the Court overrules the parties' objections and adopts the R&R as its own order.

---

[1] Doc. 121.
[2] Doc. 62.
[3] Doc. 126.

## I. Defendants' Objections

### A. Defendants contend that CrowdStrike Holdings should have been excluded from the transfer analysis.

The Magistrate Judge included Defendant CrowdStrike Holdings in its 28 U.S.C. § 1404(a) analysis despite a summary request "that the claims between the defendants [be] severed, that the claims against CrowdStrike be transferred . . . and that the claims against CrowdStrike Holdings remain stayed in this District."[4] As a result of such inclusion, the R&R concluded that Defendants had failed to show that this case "could have been originally brought against both Defendants in the Northern District of California."[5] Now, Defendants argue that CrowdStrike Holding's existence as a "non-operating holding company" entitles it to exclusion from the relevant transfer analysis such that the Motion satisfies its threshold burden under § 1404(a).

Defendants rely upon a single case for support: *Greenthread, LLC v. Intel Corp.*, No. 6:22-cv-105, 2022 WL 17968760, at *2 (W.D. Tex. Dec. 27, 2022). There, a district court considered whether the customer-suit doctrine permitted the severance and stay of infringement claims against "downstream customer defendants" where the infringement case against the manufacturer had "the potential to resolve the major issues against those customer defendants."[6] The district court grounded its analysis in the notion that "the inclusion of a defendant only peripherally involved in, or indirectly connected to, the alleged

---

[4] Doc. 121 at 2–3.
[5] *Id.* at 3.
[6] *Id.* at 1–2.

wrongdoing should not preclude severance and partial transfer to a more convenient forum."[7]

*Greenthread* does not carry the day for Defendants' Motion. The requested venue transfer plainly fails to allege that both Defendants could have been sued in the Northern District of California, and instead relies entirely on the severance and/or exclusion of CrowdStrike Holdings to meet its threshold burden. However, because CrowdStrike Holdings has been accused of wholly owning and controlling its co-defendant's activities, the Court declines to hold that this case presents an "analogous context" to the "'customer suit exception,' which endorses staying a case against a customer or retailer in light of the notion that the manufacturer is the 'true defendant.'"[8] As a result, neither CrowdStrike Holdings nor the claims levied against it will be severed or excluded from the Court's analysis "for the purpose of permitting the transfer of the action against the other defendants."[9] This alone is fatal to the primary portion of Defendants' Motion.

Defendants' objections to the contrary are **OVERRULED**.

### B. Defendants contend that the Northern District of California is clearly more convenient.

Notwithstanding the absence of the threshold showing identified above, Defendants argue that the claims against CrowdStrike should be severed and transferred to the Northern District of California according to a fair consideration of the relevant private and public

---

7 *Id.* at 2.

8 *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).

9 *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

interest factors.[10] While such analysis is unnecessary in light of Defendants' failure to show that this civil action could have been brought in their preferred district, the Court will briefly address each factor to determine whether the Northern District of California is a clearly more convenient venue.

*i. The private interest factors do not collectively support transfer.*

The first private interest factor questions whether the proposed venue offers a "relative ease of access" to evidence relating to the case.[11] This factor supports transfer, as the current venue provides little, if any, relevant physical evidence to the parties. Nevertheless, as "'the vast majority of the evidence is electronic, and therefore equally accessible in either forum,' this factor bears less strongly on the transfer analysis."[12]

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. Defendants identify an implicated non-party, six third-party investors, and multiple authors and inventors of relevant prior art who reside in the Northern District of California. On the other hand, Skysong has identified a multitude of witnesses who reside in the Western District of Texas or who are otherwise closer to it than

[10] The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

[11] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).

[12] *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (citation modified) (quoting *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)).

the Northern District of California, namely an inventor of an asserted patent, multiple CrowdStrike partners and customers, and at least 16 authors or inventors related to prior art. After balancing the availability of the witnesses according to their proposed weight, the Court finds that this factor is neutral, and is afforded less weight because no witness has been shown to be unwilling.[13]

The third private interest factor concerns the relative convenience and cost of attendance for willing witnesses between the two transfer forums. The Fifth Circuit makes use of a "100-mile rule," which holds that when "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[14] Both parties highlight witnesses who would find it more convenient to attend trial at their nearest forum.[15] While SkySong does not list many witnesses who reside in the Midland/Odessa Division specifically, it has identified a plethora of individuals who reside in the Western District of Texas generally. While a trial in Midland/Odessa currently stands to subject multiple witnesses to inconvenient travel times and expenses, such hardship does little to indicate how a transfer to the Northern District of California would not impose at least a similar (if not greater) burden on other important witnesses. The Court finds instead that the cost to attend depositions and court for the potential witnesses would likely be lower in the Western District of Texas than in the Northern District of California, and that this factor therefore weighs against transfer.

---

[13] *See Planned Parenthood*, 52 F.4th at 630–31.
[14] *Volkswagen I*, 371 F.3d at 204–05.
[15] Compare Dkt. No. 62 at 12–13 with Dkt. No. 86 at 10–11.

The fourth private interest factor asks whether additional practical problems render the proposed venue more convenient or inconvenient. Multiple issues preclude this factor from indicating that any transfer of the case would be "clearly more convenient." First, the Western District of Texas has a third of the case-volume as compared to the Northern District of California. Second, Defendants moved to transfer over eight months after suit was filed, and the parties have since developed the case to a non-insignificant degree. Finally, trial is hardly four months away, and a transfer at this hour imposes otherwise avoidable negative consequences to judicial economy and the efficient resolution of civil actions. As a result, the Court holds that this factor weighs slightly against transfer.

*ii. The public interest factors do not collectively support a transfer.*

Of the four public interest factors identified by the Fifth Circuit, half remain uncontested by the parties: (1) the familiarity of the forum with the governing law; and (2) the avoidance of conflicts of laws. As a result, the Court finds that these two elements are neutral and thus cannot support a motion for transfer on their own.

The first remaining public interest factor is the administrative difficulties flowing from court congestion. This factor runs counter to transfer, as Skysong has indicated that the median time to trial in the Western District of Texas is lower than in the Northern District of California. While this District may be currently handling a great number of patent cases, their number pales in comparison to the sheer volume of cases in the transferee venue. As a result, the Northern District of California faces greater court congestion than the Western District of Texas, and is not more convenient on that account.

The second and final remaining public interest factor is the local interest in having localized interests decided at home. Given Defendants' identification of multiple connections between the alleged infringement and the Northern District of California, the Court finds that this factor supports transfer. However, this factor alone is not enough to demonstrate that the Northen District of California is clearly more convenient than the Western District of Texas. Because the majority of factors are either neutral or weigh against transfer, Defendants have not carried their burden to indicate that good cause supports transfer to California.

*iii. Transfer to the Northern District of California is not appropriate.*

To summarize, two issues preclude transfer to the Northern District of California. First, Defendants have not indicated that their preferred venue meets the threshold requirement for transfer under 28 U.S.C. § 1404(a): that the Northern District of California is a "district . . . where [the civil action] might have been brought." Second, the private and public interest factors do not so heavily weigh in favor of transfer that the Northern District of California may be deemed "clearly more convenient" than the Western District of Texas.

Defendants' objections to the contrary are **OVERRULED**.

**C. Defendants contend that, alternatively, the Austin Division of the Western District of Texas is clearly more convenient.**

The R&R originally noted that the Defendants "do not offer any argument on the public factors or the first two private factors with respect to transfer to the Austin Division.[16] In their objection to this finding, Defendants raise a variety of arguments in favor of transfer that are not identifiable in the original Motion reviewed by the Magistrate Judge.

[16] Doc. 121 at 8.

Such arguments lie beyond the Court's review, as the Fifth Circuit has held that "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."[17] As a result, the Court limits its review to legal arguments originally brought before and examined by the Magistrate Judge.

First, neither party disputes that the action could have been brought in the Austin Division. As a result, the threshold requirement for transfer under 28 U.S.C. § 1404(a) has been met, and all that remains is consideration of the relevant private and public interest factors.

Transfer is appropriate where the movant carries its burden to show good cause that clearly demonstrates the appropriateness of transfer.[18] However, "[w]here there is no demonstration by the movant, let alone a clear one, the court cannot weigh a factor against the non-movant and in favor of transfer."[19]

Defendants' Motion only briefly addresses transfer to the Austin Division of the Western District of Texas. Importantly, it does not mention any particular interest factor by name. However, the Motion does argue that "there is no connection to or sources of proof in the Midland-Odessa Division," that "CrowdStrike has an Austin office where there is a presence, albeit small, of marketing, finance, and technical employees," and that "transfer to Austin would reduce the travel for CrowdStrike witnesses in Austin by over 300 miles."[20] Taken together, the Court finds that these arguments pertain to the third private interest factor: the relative convenience and cost of attendance for willing witnesses between the two

---

[17] *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998).
[18] *Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022) (citation modified).
[19] *Id.*
[20] Doc. 62 at 19.

transfer forums. Under the relevant "100-mile rule," the Court finds that this factor weighs in favor of transfer to the Austin Division because it would impose less travel on certain witnesses residing in and around Austin. However, under the circumstances presented (including the vast amount of witnesses and their various states of residence, the fast-approaching trial date and general progress of the case), this factor alone falls short of providing the requisite "good cause" necessary to justify a transfer to Austin. As the marginal gain in convenience does not stand to be *significant*, and in the absence of further argument pertaining to the other factors, Defendants' objections on these grounds are **OVERRULED**.[21]

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge Gilliland[22] is **ADOPTED**. Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a)[23] is **DENIED**.

It is so **ORDERED.**

**SIGNED THIS 26TH DAY OF OCTOBER, 2026.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**

---

[21] *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024).
[22] Doc. 121.
[23] Doc. 62.